

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| CHARLES L. ALLEN and ALBERTA B. ALLEN, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 8:09-1243-HFF |
| OCWEN FINANCIAL, OCWEN LOAN SERVICING LLC, COMMUNITY RESOURCE MORTGAGE, INC., and CHRIS WAGES, | § § § § § | |
| Defendants. | § | |

## ORDER

**I.    INTRODUCTION**

Plaintiffs filed this action in the Newberry County Court of Common Pleas, asserting a variety of state law claims as well as a single federal claim under the Fair Debt Collection Practices Act (FDCPA). On May 5, 2009, Defendant Ocwen Loan Servicing, LLC (Defendant Ocwen) filed a notice of removal, asserting that jurisdiction over this action was proper in this Court because of the federal cause of action alleged in Plaintiffs' complaint. Currently pending before the Court is Plaintiffs' motion to remand the case to state court. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of this Court that Plaintiffs' motion to remand will be granted.

## II. STANDARD OF REVIEW

A party seeking removal bears the burden of establishing the existence of federal jurisdiction. *Mulachey v. Columbia Organic Chems. Co*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Further, if federal jurisdiction is in doubt, remand to state court is necessary. *Mulachey,* 29 F.3d at 151.

## III. CONTENTIONS OF THE PARTIES

Plaintiffs' primary argument in support of removal is that Defendant Ocwen's notice of removal was procedurally defective. Specifically, Plaintiffs maintain that Defendant Ocwen filed its notice without the consent of Defendant Community Resource Mortgage, Inc. (Defendant Community Resource), who had already been served at the time of removal. Plaintiffs insist that the failure of Defendant Community Resource to join in removal warrants remand. In the alternative, Plaintiffs argue that because only one of their twelve claims is based on federal law, the Court should decline to exercise jurisdiction over that claim and should remand the case given the predominance of state issues.

In response, Defendant Ocwen argues that Defendant Community Resource did not need to join in the removal because the action was removed under 28 U.S.C. § 1441(c). According to Defendant Ocwen, that provision provides for the removal of an entire case where there is a separate and independent federal law claim. Defendant Ocwen asserts generally that Plaintiffs' FDCPA claim forms a separate and independent cause of action and, as a result, it was unnecessary for Defendant Community Resource to join in the removal.

## IV. DISCUSSION AND ANALYSIS

### A. *Removal by Multiple Defendants Generally*

The procedure for removal is governed by 28 U.S.C. § 1446. Subsection (b) of that statute provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

This provision fails to address the procedure for removal when multiple defendants are involved.

However, the Fourth Circuit has addressed this issue. In a case involving multiple defendants, the Fourth Circuit held, "that under 28 U.S.C. § 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint to join an otherwise valid removal petition." *McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In *McKinney*, defendants who were served first filed a notice of removal in state court and failed to include all defendants in that notice of removal. *Id.* at 925. Based on this failure, Plaintiffs argued that the case should be remanded. *Id.* However, the court rejected this argument, explaining that defendants who failed to join in the initial removal could still join so long as they did so within thirty days of service. *Id.* at 928.

In this case, Defendant Community Resource was served with the summons and complaint on March 25, 2009. Thus, applying the rule from *McKinney*, Defendant Community Resource should have filed a notice of removal or consented to another notice within thirty days, or by April

3

24, 2009. As Defendant Community Resource failed to do this, it would appear that this action was improperly removed pursuant to § 1446(b).

   B.   *Removal under § 1441(c)*

Defendant Ocwen agrees that Defendant Community Resource never joined in removal. However, Defendant Ocwen argues that it did not need the consent of Defendant Community Resource because this action was removed on the basis of 28 U.S.C. § 1441(c)'s "separate and independent" cause of action rule. That statute states,

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

To begin, Defendant Ocwen fails to cite any binding authority for the position that removal under § 1441(c) does not require the consent of all defendants, nor could the Court find any such authority. However, several district courts in the Fourth Circuit have noted that removal under § 1441(c) is an exception to the general rule that all defendants must join in removal. *See, e.g., Mullins v. Hinkle*, 953 F. Supp. 744, 749 (S.D. W. Va. 1997) (noting that § 1441(c) provides exception to rule of unanimous removal); *Toyota of Florence, Inc. v. Lynch*, 713 F. Supp. 898, 905 (D.S.C. 1989) (listing removal under § 1441(c) as one of three exceptions to rule that removal is improper unless all defendants join in or consent to removal). Assuming that § 1441(c) provides an exception to the rule of unanimity and that Defendant Community Resource did not need to join in removal, the question remains whether this action was properly removed under § 1441(c).

4

The Supreme Court construed § 1441(c) in the seminal case of *American Fire and Casualty Co. v. Finn*, 341 U.S. 6 (1951). Interpreting what was then a recent amendment to the removal statute, the *Finn* Court determined that Congress intended to restrict grounds for removal by changing the statutory language from separable "controversy" to separate "claim or cause of action." *Id.* at 11-12. In other words, "[i]n a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies." *Id.* at 12. The Court held "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14. *See also Lanford v. Prince George's County*, 175 F. Supp. 2d 797 (D. Md. 2001) ("[T]here must be 'complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.'") (quoting *Finn*, 341 U.S. at 12).

In its response to Plaintiffs' motion to remand, Defendant Ocwen asserts generally that

> The claims and causes of action are separate and independent from the remainder of the claims in the Complaint, as the FDCPA claims are only asserted against Ocwen and do not pertain to the remaining claims. As such, Ocwen was not required to seek the consent of Community Resource Mortgage, Inc.

(Def. Ocwen's Resp. 4. (internal citation omitted).) However, a careful examination of Plaintiffs' complaint reveals flaws in this argument.

To determine whether there is a "separate and independent claim or cause of action," a court looks only to the plaintiff's complaint. *Finn*, 341 U.S. at 14. Here, Plaintiffs' complaint asserts twelve claims related to Defendants' handling of their mortgage. Nine of those twelve claims are related to Defendant Ocwen's servicing of their mortgage loan and only one of those nine claims

5

arises under federal law.[1] In particular, Plaintiffs seek relief from harm they allegedly suffered based on Defendant Ocwen's treatment of a forebearance agreement entered into between Plaintiffs and Defendant Ocwen. More specifically, Plaintiffs' eight state law claims allege that Defendant Ocwen made false representations about the forebearance agreement, breached the agreement, and defamed and converted Plaintiffs' assets in the process. (Pls.' Compl. ¶¶ 48-89.) All of those eight "claims grew out of 'a single wrong. . . arising from an interlocked series of transactions.'" *See ITT Industrial Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987) (quoting *Finn*, 341 U.S. at 14).

In comparison, Plaintiffs' FDCPA claim complains of the exact same injury or harm alleged in the eight state claims. Specifically, Plaintiffs allege that Defendant Ocwen violated the FDCPA by, "(a) Misrepresenting the status and amount of the debt subject of this action; and (b) engaging in unconscionable and unfair debt collection practices, such as failing to fulfill Ocwen's duties under the forebearance agreements with the Plaintiffs." (Pls.' Compl. ¶ 122.) Plaintiffs' FDCPA claim involves "substantially the same facts and transactions" and seeks redress for the same injury complained of in the eight state law claims. *Able v. Upjohn Co.*, 829 F.2d 1330, 1332 (4th Cir. 1987). Thus, under the standard set forth long ago in *Finn*, that claim is not a "separate and independent claim or cause of action" sufficient to warrant removal under § 1441(c). *See also Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993) (finding no separate and independent claim or cause of action where complaint constitutes single wrong arising out of course

---

[1] Plaintiffs also assert three other claims against Defendant Community Resource and Defendant Chris Wages in connection with the signing of Plaintiffs' original mortgage. Arguably, those three claims form part of a separate injury to Plaintiffs, but as those claims are all state law claims and were not asserted against Defendant Ocwen, they form no basis for removal under § 1441(c).

6

of conduct); *Able*, 829 F.2d at 1332 (noting that just because one "advances multiple theories of liability against multiple defendants does not mean that he has stated separate and independent actions").[2]

As Defendant Ocwen relies exclusively on § 1441(c) as the basis for removing this action from state court, removal was procedurally improper.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Plaintiffs' motion to remand is **GRANTED**. This case is **REMANDED** to the Newberry County Court of Common Pleas. Because the Court concludes that this case was improperly removed, Plaintiffs' pending motion to amend their complaint can be addressed by the state court on remand.

**IT IS SO ORDERED**.

Signed this 21st day of July, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[2]Perhaps revealingly, none of the cases cited by Defendant Ocwen as examples of FDCPA claims removed to federal court involved § 1441(c). *See, e.g., Philbin v. Trans Union Corp.*, 101 F.3d 957 (3d Cir. 1996) (addressing neither removal nor the FDCPA, but instead the Fair Credit Reporting Act (FCRA)); *Lockard v. Equifax, Inc.*, 163 F.3d 1259 (11th Cir. 1998) (discussing FCRA in context of removal under § 1441(a)); *Barnhill v. Bank of America, N.A.*, 378 F. Supp. 2d 696 (D.S.C. 2005) (addressing FDCPA claim but containing no discussion of removal under § 1441(c)). Defendant Ocwen fails to cite any FDCPA case removed exclusively under § 1441(c), nor has the Court located such a case.